[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The First Count of the complaint alleges that the defendant wrongfully terminated the plaintiff's employment as a teacher in the Bristol public school system. It is expressly based on C.G.S 10-151 (f), providing for appeals from decisions of local boards of education to the superior court. Such actions are in the nature of administrative appeals. Murphy v. Berlin Board of education, 167 Conn. 368 (1974). "In such statutory appeals, additional proceedings not involved in the determination of the appeals will . . . result in a misjoinder." President and Fellows of Harvard College v. Town of Ledyard,32 Conn. Sup. 139, 148, (Ct. of Common Pleas, New London County, CT Page 5041 1975, Bieluch, J.). The Third Count, which alleges a breach of contract, is, therefore, misjoined, and must be stricken. Conn. Practice Bk. 152.
The defendant also moves to strike the plaintiff's claim for attorney fees from her prayer for relief on the ground that the statute does not authorize such relief. The plaintiff's claim is based on her allegation in the Second Count that the defendant acted "in bad faith and/or with malice." Section10-151 (f) of the statutes allows "costs" to be awarded against the defendant if such conduct is proved. Extra damages awarded for malicious conduct, so-called "punitive damages", are "costs of litigation less taxable costs." Waterbury Petroleum Products, Inc. v. Canaan Oil and Fuel Co., 193 Conn. 208, 238
(1984). Such "costs may include reasonable attorney fees incurred in prosecuting the suit. L. F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46-50 (1986). This court construes the term "costs" in C.G.S. 10-151 (f) as "costs of litigation", including attorney fees, such as may be awarded as compensation for malicious conduct.
The motion to strike the Third Count is granted. The motion to strike the prayer for relief is denied.
MALONEY, J.